FILED
08 AUG 25 AM 9:55

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Docket No. |
| Plaintiff, ) | 08 MJ 2613 |
| ) | COMPLAINT FOR VIOLATION OF: |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| Victor Manuel ROJAS-Roque, ) | Deported Alien Found in the |
| ) | United States |
| Defendant ) | |

The undersigned complainant, being duly sworn, states:

On or about **August 22, 2008** within the Southern District of California, defendant, **Victor Manuel ROJAS-Roque,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Ismael A. Canto
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 25th DAY OF AUGUST, 2008

William McCurine Jr.
UNITED STATES MAGISTRATE JUDGE

DOA
8/22/08

CONTINUATION OF COMPLAINT:
Victor Manuel ROJAS-Roque

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On August 22, 2008, Border Patrol Agent G. Ioannidis, was performing assigned line-watch duties in the Imperial Beach Area of Operations at an area known as "The Horse Trail." "The Horse Trail" is a conveyance approximately five miles west of the San Ysidro Port of Entry and approximately three hundred yards north of the United States/Mexico International Boundary and its westernmost terminus ends at the Pacific Ocean. Due to its proximity to the International Boundary and a relative ease of entrance into populated areas, "The Horse Trail" is an area notoriously used by illegal aliens to further their entrance. Agent Ioannidis was advised by Border Patrol Agent Joshua N. Gehrich, Inside Scope Operator, of his visual observation of two individuals swimming in the Pacific Ocean near the International Boundary, headed north towards "The Horse Trailr. Due to the time of night, proximity to the International Boundary, and the Inside Scope Operator's visual observations, Agent Ioannidis identified himself as a United States Border Patrol Agent and ordered the individuals to exit the water. The individuals ignored his verbal commands and continued to swim north. Agent Ioannidis was thus compelled to enter the Pacific Ocean and apprehend the individuals. The individuals were subsequently retrieved from the water, whereupon Agent Ioannidis conducted an immigration inspection, questioning the individuals as to their citizenships and nationalities. Both individuals, including one later identified as the defendant **Manuel Victor ROJAS-Roque**, admitted to being citizens and nationals of Mexico not in possession of any documentation enabling/permitting them to enter and/or remain in the United States legally. At approximately 10:20 P.M., Agent Ioannidis arrested both individuals, including **ROJAS** for illegal entry into the United States. Both individuals were next transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on July 25, 2008** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was read his Miranda rights, which he acknowledged and was willing to make a statement without an attorney present. The defendant stated that he was a citizen and national of Mexico without valid immigration documents to enter or remain within the United States legally. The defendant stated that he had not applied for permission to re-enter the United States following his deportation.

**Executed on August 24, 2008 at 9:00 A.M.**

Ilsa M. Struve
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 2 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **August 22, 2008** in violation of Title 8, United States Code, Section 1326.

Peter C. Lewis
United States Magistrate Judge

8/23/08 @ 10:25 a.m.
Date/Time